UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

BRIJESHKUMAR PATEL,

                Petitioner,                    Case No. 1:26-cv-1242

v.                                      Honorable Jane M. Beckering

KEVIN RAYCRAFT et al.,

                Respondents.
_____/

## OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

### I.      Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and Petitioner asks the Court to, *inter alia*, issue a writ of habeas corpus ordering Respondents to release Petitioner. (Pet., ECF No. 1, PageID.13.)

In an order entered on April 17, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 4.) Respondents filed their response and a recording of the April

16, 2026, bond hearing on April 22, 2026. (Resp., ECF No. 6; Recording of Apr. 16, 2026, Bond Hearing, filed on Apr. 22, 2026.) Petitioner filed his reply later that same day, (ECF No. 6).

## II.    Relevant Factual Background

Petitioner is a citizen of India. (Pet., ECF No. 1, PageID.2.) On March 2, 2026, in *Patel v. Raycraft* (*Patel I*), No. 1:26-cv-690 (W.D. Mich.), Petitioner filed a § 2241 petition challenging his detention following a bond hearing at which the Immigration Judge placed the burden on Petitioner to show he was not a danger. In *Patel I*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents "to provide Petitioner with an individualized bond hearing before an immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence," within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & Jud., *Patel I*, (W.D. Mich. Apr. 13, 2026), (ECF Nos. 8, 9).

On April 16, 2026, Petitioner received a second bond hearing pursuant to § 1226(a). (*See* Apr. 16, 2026, Order Immigration Judge, ECF No. 1-5.) At the conclusion of the April 16, 2026, hearing, in a written order, the Immigration Judge denied Petitioner's request for bond, stating:

> [Petitioner] was previously given a bond hearing and was found by the judge to be a danger to the community. The court finds that there has been no material change in circumstances. The government has met the burden to show the [Petitioner] is a danger to the community by clear and convincing evidence.

(*Id.*, PageID.41.)

## III.    Discussion

In Petitioner's § 2241 petition, Petitioner argues that the evidence presented at the bond hearing does not support the Immigration Judge's conclusion that "[t]he government has met the burden to show the [Petitioner] is a danger to the community by clear and convincing evidence."

(*See* Pet., ECF No. 1); *cf. Soto-Medina v. Lynch*, No. 1:25-cv-1704, --- F. Supp. 3d ----, 2026 WL 161002, at *2 (W.D. Mich. Jan. 21, 2026) (addressing the constitutionally required burden of proof). Specifically, Petitioner argues that "[t]he [Immigration] Court's finding was largely based on a prior criminal charge that was ultimately dismissed," and that "[a]n isolated, non-violent incident that resulted in minimal court supervision does not establish that [Petitioner] poses a current danger to the community." (Pet., ECF No. 1, PageID.6.)

Based on the record before the Court, including the recording of the § 1226(a) bond hearing, there is no indication in the record that the Immigration Judge applied an unconstitutional burden of proof at the bond hearing. Under these circumstances, the Court will deny Petitioner's § 2241 petition without prejudice.

### Conclusion

For the reasons discussed above, the Court will enter a judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated:     April 24, 2026                                   /s/ Jane M. Beckering
                                                             Jane M. Beckering
                                                             United States District Judge

3